RECEIVED
AUG 21 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

FREDDIE R. LEWIS                           CIVIL ACTION 1:13CV2258
(#395306)

VERSUS                                     JUDGE DRELL

CORRECTIONS CORP OF AMERICA,               MAGISTRATE JUDGE KIRK
ET AL.

## MEMORANDUM ORDER

On July 12, 2013, pro se plaintiff Freddie R. Lewis ("Plaintiff"), an inmate incarcerated at the Winn Correctional Center, filed a civil rights "Complaint" and "Motion to Proceed In Forma Pauperis" pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331. Plaintiff contends his civil rights were violated due to the taking of his property. He names as defendants Jack Garner, President of Corrections Corporation of America; Timothy Keith, Warden of Winn Correctional Center; Nicole Walker, Warden No. 3 at Winn Correctional Center; Brenda Washington, Corrections Officer; and James LeBlanc, Secretary of the Louisiana Department of Corrections.

Plaintiff is no stranger to this Court, having filed several civil rights complaints as well as Habeas Corpus petitions. In 2004, this Court ordered "that Plaintiff not be allowed to file any further complaints in the Western District without first obtaining permission from the Court." See Case No. 2:03-cv-699.

Plaintiff files the instant matter contending that his property was taken without him present during an inventory in September 2009 at the Winn Correctional Center. Plaintiff seeks replacement of his property "item for item," reimbursement of court costs and fees from the state court suit and damages. Before filing suit with this Court, Plaintiff filed suit on these same claims in Louisiana's Nineteenth Judicial District Court, Parish of East Baton Rouge. (Suit No. 582,902) Plaintiff apparently settled his claim with the prison and was paid $153.14 on March 28, 2012. Plaintiff also apparently signed a release form but later refused to sign a joint motion to dismiss the matter in the state court. On October 27, 2012, Judgment was entered by

the state court recognizing the settlement and dismissing the matter. Plaintiff later appealed his case to the First Circuit Court of Appeal which affirmed the judgment. Plaintiff then appealed to the Louisiana Supreme Court which denied his Writ of Certiorari on May 24, 2013.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights. See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the

redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988). Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. See La. Civ. Code art. 2315. Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds his complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989). For the reasons heretofore stated, the Court finds that the IFP complaint of plaintiff, Freddie Lewis, lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS ORDERED** that Freddie Lewis' Motion to Proceed *In Forma Pauperis* be and is hereby denied.

**IT IS FURTHER ORDERED** that Freddie Lewis' civil rights complaint is **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). The Clerk is now directed to close this case.

**THUS DONE AND SIGNED**, in chambers, in Alexandria, Louisiana, on this 20th day of **August, 2013.**

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT